UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO TAPIA MARIANO,<br>Petitioner,<br>v.<br>WARDEN, TONYA ANDREWS,<br>Respondent. | No. 1:26-cv-06255-DAD-AC (HC)<br><br><u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND DENYING PENDING MOTIONS AS MOOT</u><br><br>(Doc. Nos. 1, 2, 3, 4) |

On August 6, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release. (Doc. No. 2.) On August 7, 2026, the court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cases that this court has decided. (Doc. No. 6.)

On July 8, 2026, respondent filed its opposition to the pending motion for temporary restraining order. (Doc. No. 8.) Respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231 because he was ordered removed pursuant to 8 U.S.C. § 1228(b) less than 90 days ago. (*Id.* at 1–2.) Respondent further requests that the court dissolve

its prior order which prohibited the government from transferring petitioner out of the Eastern District of California or removing him from the United States. (*Id.* at 4.) Respondent has also indicated that it does not oppose this court ruling directly on the merits of the underlying petition. (*Id.* at 1.)

Based upon the parties' briefing, the court finds the following facts. Petitioner entered the United States without inspection in 2000. (Doc. No. 1 at 9.) On or about June 25, 2026, ICE took petitioner into immigration custody from the custody of the California State Prison of Solano where he was serving a prison sentence. (Doc. Nos. 1 at 27; 8-1 at 2.) That same day, the Department of Homeland Security ("DHS") issued a final administrative removal order and ordered petitioner removed to Mexico pursuant to 8 C.F.R. § 238(b)[1] of the Immigration and Nationality Act for having been convicted of an aggravated felony. (Doc. No. 8-2 at 1.) On July 17, 2026, DHS issued a finding that petitioner failed to establish that he has a reasonable fear of persecution if he were removed from the United States to the country designated on his removal order and referred the matter to an immigration judge ("IJ"). (Doc. No. 8-3 at 1–5.) On August 3, 2026, an IJ affirmed DHS's negative reasonable fear determination. (Doc. No. 8-4 at 1–2.)

"Under the Immigration and Nationality Act (INA), '[a]ny alien who is convicted of an aggravated felony at any time of admission is deportable.'" *United States v. Gonzalez-Reyes*, 172 F.4th 1088, 1091 (9th Cir. 2026) (citing 8 U.S.C. § 1227(a)(2)(A)(iii)). "A nonresident alien who is convicted of an aggravated felony within the meaning of the INA may be removed via 'expedited' proceedings—*i.e.*, without a hearing before an immigration judge." *Id.* (citing 8 U.S.C. § 1228(b)(1), (2)). "To invoke § 1228(b), DHS must establish that the individual to be removed: (1) is not a citizen of the United States; (2) has not been lawfully admitted for permanent residence; and (3) has been convicted of an aggravated felony." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 991 (9th Cir. 2018) (citing 8 U.S.C. § 1228(b)(1), (2); 8 C.F.R. § 238.1(b)(1)). "Proceedings under § 1228(b) are summary in nature because if DHS establishes

[1] "Expedited removal proceedings for non-citizens convicted of committing aggravated felonies are a creation of INA § 242A(b), later redesignated as INA § 238(b) and currently codified at 8 U.S.C. § 1228(b).". *Zuniga v. Barr*, 946 F.3d 464, 468 (9th Cir. 2019)

those three predicates, the individual is conclusively presumed removable and categorically ineligible for most forms of discretionary relief from removal." *Id.* at 991 (citing *United States v. Arrieta*, 224 F.3d 1076, 1080–81 (9th Cir. 2000)).

Here, petitioner's final administrative removal order reveals that DHS deemed petitioner removable pursuant to § 238(b) of the Immigration and Nationality Act on June 25, 2026 based upon a finding of the three predicates listed above, found him "deportable," and ordered his removal to Mexico. (Doc. No. 8-2 at 1.) When DHS issued that removal order, it became final immediately upon its issuance. *Riley v. Bondi*, 606 U.S. 259, 267 (2025) (finding that a final administrative order of removal issued by DHS that found the noncitizen "was deportable and directed that he be removed from the United States[]" became final "immediately upon its issuance."). Once a final order of removal is issued, DHS must detain the noncitizen for a 90-day period to effectuate their removal. 8 U.S.C. § 1231(a)(1)(A) (stating that once someone "is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . referred to as the 'removal period'"); *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) ("During the removal period, detention is mandatory."). Accordingly, petitioner became subject to the mandatory detention period pursuant to 8 U.S.C. § 1232(a)(2) when the final administrative removal order was issued and, therefore, the court cannot conclude that his detention is unlawful at this time. *Marvin Aldair S. E. v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-03941-RLP, 2026 WL 1623314, at *2 (E.D. Cal. June 5, 2026) (finding that a petitioner was subject to the 90-day mandatory detention period pursuant to § 1231(a)(2) once DHS issued a final administrative order of removal pursuant to § 1228(b));

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED without prejudice to renewal if petitioner's detention becomes unlawful in the future;
2. Petitioner's motion for temporary restraining order (Doc. No. 2), motion to proceed *in forma pauperis* (Doc. No. 3), and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order denying habeas relief;

/////

3. The court's prior order prohibiting petitioner's transfer or removal (Doc. No 6) is dissolved; and

4. The Clerk of the court is directed to enter judgment in favor of respondent and to close this case.

IT IS SO ORDERED.

Dated: **August 11, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE